UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EARL RAY MOREHEAD, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-12 |
| | § | |
| WILLIAM STEVENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner, Earl Ray Morehead (TDCJ #1717952) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, requesting parole reconsideration. After careful review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed.

Morehead was convicted of a felony on April 15, 2014, and was denied release on parole on December 2, 2014. (Doc. No. 1). He complains that his advanced age of sixty-seven, poor health and disciplinary record were not considered by the inmate parole officer during his parole review. Morehead believes that for these reasons, he has been denied parole three times. He seeks parole reconsideration in light of these factors.

In Texas, there are two general ways in which a state inmate may become eligible for early release: through parole and through mandatory supervised release. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the

inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001.  Mandatory supervision, on the other hand, "is the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence *not on parole* but under the supervision of the pardons and paroles division." *Id*. (emphasis added).  Parole and mandatory supervised release are separate statutory schemes for early release and are governed by separate statutory provisions.

The Fifth Circuit has observed that Texas law does not create a liberty interest in parole which is protected by the Due Process Clause.  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  Thus, the Court has held, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural or substantive Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Consequently, any claims of due process violations are without merit.

Although Morehead does not expressly seek mandatory release, even if he is eligible for mandatory supervision, he must show that he has exhausted his state remedies by having filed an application for writ of habeas corpus in state court challenging the denial of parole.  The Fifth Circuit has noted that Texas courts have allowed prisoners to bring state habeas claims without having gone through special review.  *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009), citing *Ex parte Geiken*, 28 S.W. 3d 553, 555-56 (Tex.Crim.App. 2000).  This indicates that Texas prisoners may seek relief through the state habeas corpus procedures for the denial of parole.  Such claims are not viable in this Court, however, until state remedies have been exhausted.

For the foregoing reasons, it is **ORDERED** that Morehead's petition for writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Morehead has not made the necessary showing, **this court will not issue a COA**.

It is so **ORDERED**.

SIGNED on this 21st day of May, 2015.

_____
Kenneth M. Hoyt
United States District Judge